IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **MERCHANTS BONDING COMPANY (MUTUAL)**, *et al.*, | § § § |
| **Plaintiffs,** | § § |
| v. | §  Civil Action No. 7:24-cv-00030-O-BP |
| | § |
| **CALD & A CONSULTING COMPANY, LLC,** *et al.*, | § § § |
| **Defendants.** | § § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Motion for Default Judgment of Plaintiffs Merchants Bonding Company (Mutual) and Merchants National Bonding, Inc. (collectively, the "Sureties"), filed August 15, 2024. ECF No. 22. United States District Judge Reed O'Connor referred this matter to the undersigned for pretrial management pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. ECF No. 16. Having considered the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 22) and **ENTER DEFAULT JUDGMENT** on the Sureties' breach of contract claim as explained below.

**I.     BACKGROUND**

In this diversity case, the Sureties are insurance and bonding companies who are citizens of Iowa. ECF No. 1. They allege that Defendants are Texas citizens who breached the parties' "General Application and Agreement of Indemnity Contractors Form" ("the Agreement"). *Id.* They further allege that they issued performance and payment bonds on behalf of Defendant Cald&A Consulting Company, LLC ("Cald&A"), as contractually obligated under the Agreement. ECF No. 1 at 4. The Sureties also contend that after the bonds were executed, they notified Cald&A

of default and/or termination by the obliges of the bonds, and Cald&A did not formally contest the termination. *Id*. Thereafter, the Sureties received claims against the bonds asserting that Cald&A failed to pay for labor and/or materials provided on bonded projects and failed to complete the contracted scope of work. ECF No. 1 at 4. The Sureties assert they have incurred, and continue to incur, losses from these claims. ECF No. 1 at 4-5.

> The provision of the Agreement regarding indemnification provides that:
>
> [Defendants] shall unconditionally indemnify and keep indemnified the [Sureties] against any and all liability, loss and expenses of whatsoever kind or nature, including, but not limited to, court costs, attorneys' fees, and interest, which the [Sureties] may sustain or incur (1) by reason of having executed or procured execution of any Bond or Bonds ....

ECF No. 1 at 4; ECF No. 22-1 at 5. However, the Sureties allege that Cald&A and the remaining Defendants—who each subscribed to the Agreement as "Indemnitors"—have failed to indemnify the Sureties for their losses as required under the Agreement. ECF No. 1 at 5.

The Sureties sued Defendants for breach of contract and seek to recover monetary damages, prejudgment and post-judgment interest, attorneys' fees and expenses, and court costs. ECF No. 1 at 6. Despite being served with a copy of the summons and complaint, no remaining Defendants have answered or otherwise appeared, and the time to do so has passed. ECF Nos. 8, 9, 11. The Sureties have dismissed Defendants Phillip Wilson and Diana Wilson from the suit without prejudice under Federal Rule of Civil Procedure 41(a)(1). ECF No. 24. Upon the Sureties' request, the Clerk of Court entered default against the remaining Defendants. ECF Nos. 20, 21. The Sureties now move for Default Judgment against them under Federal Rule of Civil Procedure 55. ECF No. 22.

## II.      LEGAL STANDARD

### A.      Default Judgment.

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default, the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2). The Court may not enter default judgment against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931.

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," although this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers* v. *Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). Default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala* v. *Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); see

also *U.S. for Use of M-Co Constr., Inc.* v. *Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987 (calling default judgments "draconian").

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, courts ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. The *Lindsey* factors inform this inquiry. Under *Lindsey*, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Id.*

Second, if default is procedurally warranted under *Lindsey*, courts analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v.*

*Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see generally Jackson v. FIE Corp.*, 302 F.3d 515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)). At this juncture, courts often find it helpful to conduct a Rule 55(b)(2) hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see* Fed. R. Civ. P. 55(b)(2) (noting courts may conduct a hearing on motions for default judgment if needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

### III.   ANALYSIS

The Clerk entered the Defendants' default, ECF No. 21, meaning the Court must now ask if default judgment is appropriate. *Lewis*, 236 F.3d at 767. Having applied the three-pronged inquiry here, *see Morelia*, 126 F. Supp. 3d at 813, the undersigned concludes that default judgment is proper on the Sureties' breach of contract claim.

#### A.   Default judgment is procedurally appropriate under *Lindsey*.

The Sureties' breach of contract claim survives the first of the three-pronged inquiry. Under *Lindsey*, default judgment may be procedurally warranted based on six considerations. *See* 161 F.3d at 893. All six support default judgment here. Given Defendants' failure to answer the allegations, no material issues of fact exist concerning the Sureties' performance. *See* ECF Nos. 22 at 5-7; *see also Lindsey*, 161 F.3d at 893. Thus, the Court may take as true the Sureties' pleadings demonstrating all material facts underlying the breach of contract claim. *See* ECF No. 22. *Lindsey*'s first prong thus favors default judgment.

5

Similarly, nothing here shows the second factor's "substantial prejudice" requirement undermines the Sureties' entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. Defendants were properly served with the Complaint and have had ample opportunity to respond in this matter. *See, e.g.*, ECF Nos. 8, 9, 11 (showing perfected service as of March 25, 2024 for Cald&A and Hector Calderon, and perfected service as of April 3, 2024 for Rita Calderon). Moreover, Defendants' failure to answer the Complaint or otherwise appear threatens to bring this case to a halt, which would substantially prejudice the Sureties' interests. *Gandy v. Lynx Credit*, No. 3:14-cv-0369-B, 2014 WL 6805501, at *2 (N.D. Tex. Dec. 3, 2014) (Boyle, J.) (citing *Lindsey*, 161 F.3d at 893). *Lindsey*'s second prong thus favors default judgment.

The third and fourth elements also support default judgment because the grounds of the Defendants' default are clearly established, *see* ECF No. 21, and nothing indicates this default is due to "a good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Despite being afforded multiple opportunities to do so, the Defendants failed to respond to the Sureties' Motion or file any other pleadings explaining this unresponsiveness. Accordingly, *Lindsey*'s fifth factor also supports default judgment. *See Lindsey* 161 F.3d at 893; *see also Joe Hand Promotions, Inc. v. Tacos Bar & Grill, LLC*, No. 3:16-cv-01889-M, 2017 WL 373478, at *2 (N.D. Tex. Jan. 26, 2017) ("Entering default judgment against [Defendants], who have taken no action to respond to this action, is not 'harsh.'") (quoting *Lindsey*, 161 F.3d at 893); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) ("[Defendant] has had over five months to answer or otherwise respond to Plaintiff's Complaint, mitigating the harshness of a default judgment.").

Finally, given the clear satisfaction of the above elements, nothing indicates that the Court would "be obliged to set aside the default upon motion from the defendant." *See id.*; *see also*

*Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense"). Accordingly, the *Lindsey* analysis reflects that default judgment is proper here.

      **B.**    **The pleadings establish a sufficient basis for default judgment.**

Having found default judgment appropriate under *Lindsey*, the undersigned looks next to the substantive merits of the Sureties' claim, asking whether the pleadings establish a sufficient basis for default judgement. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. To do so, they need only satisfy Rule 8. *Wooten*, 788 F.3d at 498; *see* Fed. R. Civ. P. 8(a) (requiring a "short and plain statement" of the claim). Given such a straightforward rubric, the Sureties' Complaint and Motion clearly suffice. *See generally* ECF Nos. 1, 22.

The Sureties sued Defendants for breaching the Agreement. ECF No. 1 at 5. In essence, they allege that the Agreement requires Defendants to pay for their losses, and they never did so. ECF No. 1 at 5. The Court thus construes this claim as one for breach of contract. Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

The Sureties satisfied the first showing by alleging the existence of the Agreement, *see* ECF No. 1 at 3-5, and furnishing copies of the underlying documents. ECF Nos. 1-1 at 1-7, and 22-1 at 1-10. They made the second showing by alleging their performance under the Agreement and offering evidence of that performance. *See* ECF No. 22-1 at 1-3. Likewise, the Sureties met the third requirement by alleging the Defendants' defaults and producing evidence to verify their

allegations. *See* ECF Nos. 22 at 3-6; 22-1 at 1-3, 11. The Sureties tendered performance upon issuing the bonds in question. *See* ECF No. 1 at 4. Defendants then breached the Agreement by failing to repay $1,734,067.26 for losses suffered in connection with the bonds. ECF No. 22 at 3, 22-1 at 11. That amount constitutes the actual damages the Sureties incurred that resulted from the Defendants' breach. Accordingly, the Sureties' breach of contract claim is substantively meritorious. While default judgments are "a drastic remedy, not favored by the Federal Rules," *see Sun Bank of Ocala*, 874 F.2d at 276, the Sureties' entitlement here is beyond dispute. Thus, the Court must next "determine what form of relief, if any, t1he plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 813.

### C. The Sureties should recover the damages, interest, and court costs they seek.

The Complaint requests monetary damages, attorneys' fees and expenses, court costs, and prejudgment and post-judgment interest. *See* ECF No. 1 at 6. The Motion, however, does not seek attorneys' fees and expenses. ECF No. 22 at 3 (seeking only "[damages] in the amount $[1],734,067.27, plus court costs, pre-judgment interest and post-judgment interest at rate permitted at law"). Because the Sureties have not re-asserted their request for attorneys' fees and expenses, they are deemed to have abandoned it. *See Versatile Processing Group, Inc. v. Amino Transp., Inc.*, 6:14-CV-832, 2015 WL 1737769, at *2-3 (E.D. Tex. Apr. 6, 2015) (refusing to grant an award of attorneys' fees where "[t]he proposed Default Judgment submitted by Plaintiffs does not include an award of attorney[s'] fees."); *see also United States ex rel. Kim v. Mun*, 2:10-CV-1988-SVW-MAN, 2013 WL 12123970, at *7 n.6 (C.D. Cal. July 23, 2013) (claims for damages mentioned in the pleadings but not in the motion for default judgment would be considered abandoned by the plaintiff) (citation omitted). Accordingly, the Court's analysis is limited to the Sureties' request for damages, court costs, and prejudgment and post-judgment interest.

### 1. The Sureties are entitled to $1,734,067.27 in monetary damages.

The Court must first determine whether damages can be calculated without a hearing. Fed. R. Civ. P. 55(b)(2). Courts may do so if "the amount claimed is a liquidated sum or one capable of mathematical calculation," such as by referring to the pleadings and supporting documents. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *T–Mobile USA Inc. v. Shazia & Noushad Corp.*, No. 3:08–cv–00341, 2009 WL 2003369, at *3 (N.D. Tex. July 10, 2009) (O'Connor, J.) (citation omitted). No hearing is necessary here, as the Complaint and the evidence accompanying the Motion provide a sufficient basis for the Court to calculate damages.

The Sureties request $1,734,067.27, which represents the amount that the Defendants owe them under the Agreement. ECF Nos. 1; 22 at 3. The Sureties have offered competent evidence supporting that amount. *See* ECF No. 22-1 at 1-3, 11 (affidavit of the Sureties' claims attorney attesting to damages and itemized calculation of the amount in "Principal Loss Report"); *see also James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (stating that the court relied on affidavits, documentary evidence, and the judge's personal knowledge of the record). Such relief is thus appropriate here. After considering the Motion and the substantial evidence attached to it, the undersigned concludes that damages in this matter are mathematically ascertainable, are due and owing under the Agreement, and equal $1,734,067.26.

### 2. The Sureties are entitled to their costs of court.

Under the Agreement, the Sureties also are entitled to the "court costs" that they incurred in "enforc[ing]any of [its] the covenants and conditions." ECF No. 22-1 at 5. They also are entitled to recover court costs as the prevailing parties in this action. Fed. R. Civ. P. 54. Accordingly, the Court should award the Sureties costs of court as taxed by the clerk of court.

### 3. The Sureties should recover prejudgment interest at the rate of 7.75 percent per annum from the date suit was filed until the date final judgment is entered.

Because this is a diversity case in which the forum state law applies, Texas law governs the award of prejudgment interest. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 412 (5th Cir. 2011). "The Texas Supreme Court has recognized two separate bases for the award of prejudgment interest: (1) an enabling statute; and (2) general principles of equity." *Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002) (quoting *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998)). "[S]tatutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases." *Int'l Turbine Servs., Inc.*, 278 F.3d at 499. Because the claims here do not fall within the statutory provisions, Texas common law governs the award of prejudgment interest in this case. *Id.* "Texas common law allows prejudgment interest to accrue at the same rate as post-judgment interest on damages awarded for breach of contract." *Id.*

When, as here, an interest rate is not specified in the applicable contract, the Court calculates prejudgment interest based on the statutory rate for post-judgment interest provided in section 304.003 of the Texas Finance Code. *Id.* That section provides, in pertinent part, that the post-judgment interest rate is "(1) the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation"; [or] (2) "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System ... is less than five percent[.]" Tex. Fin. Code § 304.003(c)(2) (West 2024). The current prime rate is 7.75 percent, which is greater than five percent. Selected Interest Rates (Daily) – H.15, Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/releases/H15/ (last visited Dec. 2, 2024).

The Texas Finance Code provides that prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date the defendant received written notice of a claim; or (2) the date suit is filed. Tex. Fin. Code § 304.104 (West 2024); *Kenneco Energy*, 962 S.W.2d at 532 (extending the statutory rule to prejudgment interest awards governed by the common law).

Here, the Complaint does not reflect that the Sureties notified Defendants of a claim until they filed suit on March 4, 2024. ECF No. 1. Thus, prejudgment interest accrues at the rate of 7.75 percent per annum from the date suit was filed until the date final judgment is entered.

### 4. The Sureties should recover post-judgment interest at the applicable federal rate from the from the date of final judgment until paid.

"Post-judgment interest is awarded as a matter of course" under 28 U.S.C. § 1961(a). *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (citing 28 U.S.C. § 1961(a)). The principal for calculating post-judgment interest is "the entire amount of the final judgment," including costs and pre-judgment interest. *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991). Therefore, the Court should grant the Sureties' request for post-judgment interest at the applicable federal rate from the date of final judgment until it is paid in full.

## IV. CONCLUSION

The Sureties are entitled to recover $1,734,067.27 in damages, their costs of court, and prejudgment and post-judgment interest as set forth above against the remaining Defendants. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Sureties' Motion (ECF No. 22) and **ENTER DEFAULT JUDGMENT** in favor of Merchants Bonding Company (Mutual) and Merchants National Bonding, Inc. against Defendants Cald&A Consulting Company, LLC, Hector Calderon, and Rita Calderon for $1,734,067.27, plus prejudgment interest calculated at 7.75 percent interest per annum from the date suit was filed until the date final

judgment is entered, and post-judgment interest calculated at the applicable federal rate from the date judgment is entered and compounded annually. *See* 28 U.S.C. § 1961.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on December 2, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE